# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>    Plaintiff,<br><br>v.<br><br>J. HERNANDEZ,<br><br>    Defendant. | Case No. 1:19-cv-00616-SKO (PC)<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILING TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT**<br><br>(Doc. 1)<br><br>TWENTY-ONE (21) DAY DEADLINE |

      Plaintiff, Allen Hammler, is a state prisoner proceeding *pro se* and *in forma pauperis* in this action under 42 U.S.C. § 1983. In the Complaint, Plaintiff states that exhaustion is an affirmative defense that he welcomes Defendant to raise; however, Plaintiff alleges it "is not viable in this case." (Doc. 1, p. 9.)

      Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516 (2002), regardless of the relief sought

by the prisoner or offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Inmates must adhere to the "critical procedural rules" specific to CDCR's process. *Reyes v. Smith,* 810 F.3d 654, 567 (9th Cir. 2016). Thus, Plaintiff's statement that exhaustion is not viable is this case is incorrect. If Plaintiff has pursued an inmate appeal through all levels, he should so indicate. However, Plaintiff may not proceed in this action if he did not file an inmate appeal on the issues raised in this action, or failed to pursue it to all available levels of review. Plaintiff's bare statement that exhaustion is not viable in this case does not suffice; it instead appears that Plaintiff filed suit without first exhausting available administrative remedies in compliance with section 1997e(a). *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to non-exhaustion is a valid ground for dismissal. . . .").

Accordingly, Plaintiff is **ORDERED** to show cause **within twenty-one (21) days** from the date of service of this order why this action should not be dismissed, without prejudice, for his failure to exhaust administrative remedies prior to filing suit. Alternatively, Plaintiff may file a first amended complaint reflecting his exhaustion efforts, or if he has not exhausted available administrative remedies, Plaintiff may file a notice of voluntary dismissal. **Plaintiff is warned that failure to timely respond to this order will result in recommendation that this action be dismissed for Plaintiff's failure to obey a court order.**

IT IS SO ORDERED.

Dated: **May 14, 2019**  /s/ *Sheila K. Oberto*
                         UNITED STATES MAGISTRATE JUDGE