UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ALLEN HAMMLER, | Case No.: 1:19-cv-00616-SKO (PC) |
|---|---|
| Plaintiff, | **ORDER REQUIRING PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT *OR* NOTIFY THE COURT OF HIS DESIRE TO PROCEED ONLY ON CLAIM FOUND COGNIZABLE** |
| v. | |
| J. HERNANDEZ, | |
| Defendant. | (Doc. 1) |
| | 21-DAY DEADLINE |

Plaintiff Allen Hammler alleges that the defendant violated his free exercise and due process rights, subjected him to cruel and unusual punishment, and retaliated against him in violation of the First, Eighth, and Fourteenth Amendments. (Doc. 1.) The Court finds that Plaintiff states a viable free exercise claim; however, his remaining claims are not cognizable. Accordingly, the Court ORDERS Plaintiff to either file a first amended complaint curing the deficiencies identified in this order OR, in the alternative, notify the Court that he wishes to proceed only his free exercise claim and to dismiss all remaining claims.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

1

legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to

state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## III. DISCUSSION

### A. Plaintiff's Allegations

Plaintiff alleges that, during the morning of September 4, 2018, he alerted Defendant-Psychiatric Technician J. Hernandez to a rash on his legs. (Doc. 1 at 2-3.) Plaintiff states that the rash had "open sores, … some of which were actively bleeding and causing him great pain." (*Id.* at 2-3.) Defendant examined Plaintiff through his cell door, and Plaintiff asked Defendant to escort him to the nurse's station so the Defendant could clean his sores. (*Id.* at 3.) Defendant replied that he could not. (*Id.*) Plaintiff, "becoming frustrated with … Defendant's excuses, told [Defendant] that he could clean the wounds himself" and asked Defendant for alcohol pads. (*Id.* at 4.) At noon, when Defendant had not returned with the alcohol pads, Plaintiff called out to Defendant as he was passing by, who stated that he had forgotten about the pads. (*Id.* at 4-5.)

Defendant then retrieved four alcohol pads "that were still inside their individual packs but each having been intentionally [punctured] by Defendant, using some … unknown object of circular shape." (*Id.* at 5.) Plaintiff explained to Defendant that he could not use the "tainted" pads because of his Rastafarian faith. (*Id.* at 5-6). Plaintiff requested that Defendant bring him new pads and, if he must open them, he do so in front of Plaintiff so that Plaintiff could confirm that

3

the pads were not tainted. (*See id.* at 6.) Defendant told Plaintiff that he could not do this. (*Id.*) After a brief argument, Defendant walked away. (*Id.*)

**B. Plaintiff's Claims for Relief**

1. <u>Denial of Religious Freedom</u>

Prisoners "do not forfeit all constitutional protections by reason of their conviction and confinement in prison." *Bell v. Wolfish*, 441 U.S. 520, 545 (1979). Inmates "retain protections afforded by the First Amendment, … including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted). However, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Id.* (internal quotation marks and citation omitted).

A plaintiff asserting a free exercise claim must show that the defendant's actions substantially burden her practice of religion. *See Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015). "A substantial burden … place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Id.* (internal quotation marks and citations omitted). "[A] prison policy that intentionally puts significant pressure on inmates … to abandon their religious beliefs ... imposes a substantial burden on [the inmate's] religious practice." *Shakur v. Schriro*, 514 F.3d 878, 889 (9th Cir. 2008) (internal quotation marks and citation omitted).

Once a plaintiff establishes that state action substantially burdens her exercise of religion, "the government bears the burden of establishing that the regulation serves a compelling government interest and is the least restrictive means of achieving that interest." *Id.* In the prison context, the Supreme Court has held that alleged infringements of prisoners' free exercise rights are "judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights." *O'Lone*, 482 U.S. at 349 (citation omitted). The challenged conduct "is valid if it is reasonably related to legitimate penological interests." *Id.* (internal quotation marks and citation omitted). "[T]he availability of alternative means of

4

practicing religion is a relevant consideration" for claims under the First Amendment. *Holt v. Hobbs*, 135 S. Ct. 853, 862 (2015) (citations omitted).

Plaintiff's allegations, leniently construed, state a cognizable free exercise claim. Plaintiff states that the use of "tainted" alcohol pads violates his Rastafarian faith. (Doc. 1 at 5-6.) Given that Plaintiff was in "great pain" due to his rash, (*id.* at 2), Defendant's refusal to provide him "untainted" pads tended to coerce Plaintiff to act contrary to his religious beliefs, *see Jones*, 791 F.3d at 1031, i.e., to use the tainted pads in violation of those beliefs. At the screening stage, the Court does not consider any potential governmental interests in Defendant's conduct or related prison regulations.

### 2. Deliberate Indifference to Serious Medical Needs

"Prison officials violate the Eighth Amendment if they are 'deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs.'" *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care…." *Estelle*, 429 U.S. at 104-05. "A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." *Peralta*, 744 F.3d at 1081 (internal quotation marks and citations omitted). "A prison official is deliberately indifferent to that need if he 'knows of and disregards an excessive risk to inmate health.'" *Id.* at 1082 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

The test for deliberate indifference to medical needs is two-pronged and has objective and subjective components. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). To establish such a claim, a prisoner must first "show a serious medical need by demonstrating that failure to treat [the] prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Id.* (internal quotation marks and citation omitted).

As to the first, objective prong, "[i]ndications that a plaintiff has a serious medical need include '[t]he existence of an injury that a reasonable doctor or patient would find important and

worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation omitted).

As to the second, subjective prong, deliberate indifference "describes a state of mind more blameworthy than negligence" and "requires more than ordinary lack of due care for the prisoner's interests or safety." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (internal quotation marks and citation omitted). Deliberate indifference exists where a prison official "knows that [an] inmate[] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. In medical cases, this requires showing, "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citation omitted). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but [he] 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (internal quotation marks and citation omitted).

The Court finds that, for screening purposes, Plaintiff's rash satisfies the first, objective prong. Plaintiff alleges that the rash caused him significant pain, and his condition was one that a reasonable patient would find worthy of treatment. *See Colwell*, 763 F.3d at 1066.

However, Plaintiff does not satisfy the second, subjective prong. Plaintiff states that, in response to Plaintiff's request, Defendant brought him alcohol pads. (Doc. 1 at 5.) Such allegation does not show that Defendant failed to take reasonable measures to abate a risk of serious harm. *See Farmer*, 511 U.S. at 847. Furthermore, Plaintiff does not allege that he was harmed as a result of Defendant's deliberate indifference. *See Wilhelm*, 680 F.3d at 1122.

### 3. Retaliation

A claim for retaliation has five elements. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). First, a plaintiff must allege that he engaged in protected activity. *Id.* For example, filing an inmate grievance is protected, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as is the right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *see also Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985). Second, the plaintiff must show that the defendant took adverse action against him. *Watison*, 668 F.3d at 1114 (citation omitted). "Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct." *Id.* In other words, the plaintiff must claim the defendant subjected him to an adverse action *because of* his engagement in protected activity. *Rhodes*, 408 F.3d at 567. "Fourth, the plaintiff must allege that the official's acts would chill or silence a person of ordinary firmness from future [protected] activities." *Watison*, 668 F.3d at 1114 (internal quotation marks and citation omitted). "Fifth, the plaintiff must allege 'that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution….'" *Id.* (quoting *Rizzo*, 778 F.2d at 532).

Plaintiff does not state a cognizable retaliation claim. He does not allege that he engaged in protected activity or that Defendant knew of such activity, let alone that Defendant denied him "untainted" alcohol pads because of his engagement in protected activity. *See Rhodes*, 408 F.3d at 567.

### 4. Due Process Violation

The Fourteenth Amendment protects persons from deprivations of life, liberty, or property without due process of law. U.S. Const. amend. XIV. Protected liberty interests may arise both from the Constitution itself or from state law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citations omitted). "A state may create a liberty interest through statutes, prison regulations, and policies." *Chappell v. Mandeville*, 706 F.3d 1052, 1063 (9th Cir. 2013) (citation omitted).

When a protected liberty interest is implicated, the Due Process Clause provides certain procedural guarantees. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). The amount of process or specific procedures required vary by context and the particular interest at stake. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Plaintiff does not state a viable due process claim. He does not allege that Defendant's conduct implicated a liberty or property interest protected by the Constitution.

## IV. CONCLUSION AND ORDER

For the reasons set forth above, the Court ORDERS Plaintiff, **within 21 days**, to file a first amended complaint OR, in the alternative, to notify the Court that he wishes to proceed only on his free exercise claim. If Plaintiff no longer wishes to pursue this action, he may file a notice of voluntary dismissal. If Plaintiff needs an extension of time to comply with this order, he shall file a motion seeking an extension **no later than 21 days** from the date of service of this order.

Plaintiff is informed that an amended complaint supersedes the original complaint, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. The Court provides Plaintiff with an opportunity to amend his complaint to cure the deficiencies identified in this order. However, Plaintiff may not change the nature of this suit by adding unrelated claims in an amended complaint.

Accordingly, the Court **ORDERS**:

1. Plaintiff is **GRANTED** leave to file a first amended complaint;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form; and,
3. **Within 21 days** from the date of service of this order, Plaintiff must file **one of the following three items**:
    a. a first amended complaint curing the deficiencies identified in this order, OR
    b. a notice that he does not wish to file a first amended complaint and instead wishes to proceed only on his free exercise claim and to dismiss all remaining claims, OR
    c. a notice of voluntary dismissal of this entire case.

///
///
///
///

**If Plaintiff fails to comply with this order, the Court will recommend that this action proceed only on the claim found cognizable herein and that all other claims be dismissed with prejudice.**

IT IS SO ORDERED.

Dated: __**January 7, 2020**__                    /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE