UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>J. HERNANDEZ,<br><br>　　　　　　Defendant. | Case No. 1:19-cv-00616-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CLAIMS**<br><br>(Doc. 21)<br><br>21-DAY DEADLINE<br><br>Clerk of the Court to Assign a District Judge |

Plaintiff Allen Hammler alleges the defendant violated his free exercise and due process rights, subjected him to cruel and unusual punishment, and retaliated against him in violation of the First, Eighth, and Fourteenth Amendments. (Doc. 21.) The Court finds that Plaintiff's second amended complaint states a cognizable free exercise claim, but the remaining claims are not cognizable. Because Plaintiff has received two opportunities to amend (*see* Docs. 14, 18), and his current complaint suffers from the same deficiencies as his prior complaint,[1] the Court finds that further amendment would be futile. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Therefore, the Court recommends that the claims in Plaintiff's operative complaint be dismissed, with the exception of the free exercise claim.

///

---

[1] Plaintiff's second amended complaint is virtually identical to his first amended complaint. (*Compare* Doc. 21 *with* Doc. 17.)

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation

marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## III. DISCUSSION

### A. Plaintiff's Factual Allegations[2]

On September 4, 2018, Plaintiff alerted Defendant-Psychiatric Technician J. Hernandez to a "rash" or "[f]ungal infection" on his legs. (Doc. 21 at 2-3.) Plaintiff states that the rash had "open sores, … some of which were actively [b]leeding and causing him great pain." (*Id.* at 2.) Defendant examined Plaintiff through his cell door, and Plaintiff asked Defendant to escort him to the nurse's station so that Defendant could clean his sores. (*Id.* at 3.) Defendant replied that he could not. (*Id.*) Plaintiff, "becoming [f]rustrated with … Defendant's excuses[,] told him that he could clean the wounds himself" and asked Defendant for alcohol pads. (*Id.* at 4.) Defendant replied that he would bring some pads to Plaintiff. (*Id.*) At noon, when Defendant had not returned with the alcohol pads, Plaintiff called out to Defendant as he was passing by, who stated that he had forgotten about the pads. (*Id.* at 4-5.)

---

[2] For screening purposes, the Court accepts Plaintiff's factual allegations as true. *See Iqbal*, 556 U.S. at 678.

3

Defendant then retrieved four alcohol pads a few minutes later and gave them to Plaintiff. (*Id.* at 5.) The pads were "inside their individual packs but … [were] intentionally [punctured] by Defendant, using some … unknown object of circular shape." (*Id.*) Plaintiff explained to Defendant that, due to his Rastafarian faith, he could not use the pads because they were "tainted." (*Id.* at 5-6). Plaintiff requested that Defendant bring him new pads and, if he must open them, that he do so in front of Plaintiff so that Plaintiff could confirm that the pads were not tainted. (*Id.* at 6.) Defendant told Plaintiff that he could not do this. (*Id.*) After a brief argument, Defendant walked away. (*Id.*)

### B. Plaintiff's Claims for Relief

Plaintiff asserts the following causes of action:

- Claim One: "Violation of 1st Amend. Right, Free Speech"
- Claim Two: "Violation of 1st Amend. Right. Retaliation"
- Claim Three: "Violation of 8th Amend. Right, Cruel and Unusual Punishment"
- Claim Four: "Violation of 8th Amend. Right Deliberate Indifference"
- Claim Five: "Violation of 14th Amend. Right, Due Process. 'Atypical' Denial of Medical Attention."

(Doc. 21 at 9-10.)

Although Plaintiff characterizes Claim One as a free speech claim, given the allegations in his complaint, the Court construes it as a free exercise of religion claim. (*See id.* at 2, 5-7, 9.)

Plaintiff's claims of cruel and unusual punishment (Claim Three) and deliberate indifference (Claim Four) are the same—i.e., deliberate indifference to serious medical needs is a violation of the Cruel and Unusual Punishments Clause of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 101-104 (1976). Given this, and based on Plaintiff's factual allegations, the Court construes Claims Three and Four as one cause of action for deliberate indifference to serious medical needs under the Eighth Amendment.

Finally, the Court construes Claim Five as a substantive due process claim based on alleged inadequate medical care.

4

1. <u>First Amendment: Free Exercise of Religion</u>

Prisoners "do not forfeit all constitutional protections by reason of their conviction and confinement in prison." *Bell v. Wolfish*, 441 U.S. 520, 545 (1979). Inmates "retain protections afforded by the First Amendment, … including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted). However, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Id.* (internal quotation marks and citation omitted).

A plaintiff asserting a free exercise claim must show that the defendant's actions substantially burden her practice of religion. *See Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015). "A substantial burden … place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Id.* (internal quotation marks and citations omitted). "[A] prison policy that intentionally puts significant pressure on inmates … to abandon their religious beliefs ... imposes a substantial burden on [the inmate's] religious practice." *Shakur v. Schriro*, 514 F.3d 878, 889 (9th Cir. 2008) (internal quotation marks and citation omitted).

Once a plaintiff establishes that state action substantially burdens her exercise of religion, "the government bears the burden of establishing that the regulation serves a compelling government interest and is the least restrictive means of achieving that interest." *Id.* In the prison context, the Supreme Court has held that alleged infringements of prisoners' free exercise rights are "judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights." *O'Lone*, 482 U.S. at 349 (citation omitted). The challenged conduct "is valid if it is reasonably related to legitimate penological interests." *Id.* (internal quotation marks and citation omitted). "[T]he availability of alternative means of practicing religion is a relevant consideration" for claims under the First Amendment. *Holt v. Hobbs*, 135 S. Ct. 853, 862 (2015) (citations omitted).

///

Plaintiff's allegations, leniently construed, state a cognizable free exercise claim. Plaintiff states that the use of "tainted" alcohol pads violates his Rastafarian faith. (Doc. 21 at 5-6.) Given that Plaintiff was in "great pain" due to his rash (*id.* at 2, 5), Defendant's alleged refusal to provide him "untainted" pads to treat his wounds tended to coerce Plaintiff to act contrary to his religious beliefs, i.e., by using tainted pads in violation of those beliefs. Thus, Plaintiff adequately alleges that Defendant placed a substantial burden on his exercise of religion. The Court notes that, at the screening stage, it is unable to consider any potential governmental interests in Defendant's conduct or related prison regulations.

   2.   First Amendment: Retaliation

A claim of retaliation has five elements. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). First, a plaintiff must allege that he engaged in protected activity. *Id.* For example, filing an inmate grievance is protected, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as is the right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *see also Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985). Second, the plaintiff must show that the defendant took adverse action against him. *Watison*, 668 F.3d at 1114 (citation omitted). "Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct." *Id.* In other words, the plaintiff must claim the defendant subjected him to an adverse action *because of* his engagement in protected activity. *Rhodes*, 408 F.3d at 567. "Fourth, the plaintiff must allege that the official's acts would chill or silence a person of ordinary firmness from future [protected] activities." *Watison*, 668 F.3d at 1114 (internal quotation marks and citation omitted). "Fifth, the plaintiff must allege 'that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution.'" *Id.* (quoting *Rizzo*, 778 F.2d at 532).

Plaintiff does not state a cognizable retaliation claim. His allegations do not show that Defendant denied him "untainted" alcohol pads because of his engagement in any protected activity. Plaintiff alleges that Defendant's actions "were taken in [r]etaliation for Plaintiff's seeking to exercise his [r]ight to [f]ree speech … and [r]eligion." (Doc. 21 at 7.) However, this claim is conclusory and lacks factual support. As explained in section II.A, *supra*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff provides no facts that show Defendant acted in any way *because of* his attempt to exercise his religion.

### 3. Eighth Amendment: Deliberate Indifference to Serious Medical Needs

"Prison officials violate the Eighth Amendment if they are 'deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs.'" *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (citing *Estelle*, 429 U.S. at 104). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care…." *Estelle*, 429 U.S. at 104-05. "A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." *Peralta*, 744 F.3d at 1081 (internal quotation marks and citations omitted). "A prison official is deliberately indifferent to that need if he 'knows of and disregards an excessive risk to inmate health.'" *Id.* at 1082 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

The test for deliberate indifference to medical needs is two-pronged and has objective and subjective components. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). To establish such a claim, a prisoner must first "show a serious medical need by demonstrating that failure to treat [the] prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Id.* (internal quotation marks and citation omitted).

As to the first, objective prong, "[i]ndications that a plaintiff has a serious medical need include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation omitted).

As to the second, subjective prong, deliberate indifference "describes a state of mind more blameworthy than negligence" and "requires more than ordinary lack of due care for the prisoner's interests or safety." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (internal quotation marks and citation omitted). Deliberate indifference exists where a prison official "knows that [an] inmate[] face[s] a substantial risk of serious harm and disregards that risk by failing to take

reasonable measures to abate it." *Id.* at 847. In medical cases, this requires showing, "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citation omitted). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but [he] 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (internal quotation marks and citation omitted).

The Court finds that, for screening purposes, Plaintiff's rash satisfies the first, objective prong. Plaintiff alleges that the rash caused him significant pain, and his condition was one that a reasonable patient would find worthy of treatment.

Plaintiff does not, however, satisfy the second, subjective prong or high legal standard of deliberate indifference. In response to Plaintiff's request, Defendant brought Plaintiff alcohol pads to treat his rash. (Doc. 21 at 5.) This allegation does not show that Defendant failed to take reasonable measures to abate a risk of serious harm. Plaintiff's allegations also fail to show that Defendant was subjectively aware of a substantial risk of serious harm to Plaintiff.

4. <u>Fourteenth Amendment: Substantive Due Process</u>

To determine whether the conditions of confinement of civil and pretrial detainees are constitutionally adequate, courts look to the substantive due process component of the Fourteenth Amendment. *See Youngberg v. Romeo*, 457 U.S. 307, 314-319 (1982); *Jones v. Blanas*, 393 F.3d 918, 931 (9th Cir. 2004). "[C]ivil detainees retain greater liberty protections than individuals detained under criminal process, … and pre-adjudication detainees retain greater liberty protections than convicted ones." *Jones*, 393 F.3d at 932 (citations omitted). Under the Fourteenth Amendment, officials are liable if they are "consciously indifferen[t]" to a detainee's health or

8

safety. *See Estate of Conners by Meredith v. O'Connor*, 846 F.2d 1205, 1208-09 (9th Cir. 1988). "[T]he more protective fourteenth amendment standard applies to conditions of confinement when detainees ... have not been convicted" of a crime." *Jones*, 393 F.3d at 931 (internal quotation marks and citation omitted).

Plaintiff is not a civil or pretrial detainee. He is serving a sentence for a criminal conviction. (*See* Doc. 21 at 1.) Thus, the Fourteenth Amendment does not apply to his medical care claim. As discussed in subsection 3, *supra*, his claim arises under the Eighth Amendment. Plaintiff does not state a cognizable substantive due process claim under the Fourteenth Amendment.

## IV.     CONCLUSION AND RECOMMENDATION

For the reasons set forth above, Plaintiff's second amended complaint (Doc. 21) states a cognizable free exercise claim under the First Amendment, but its remaining claims are not cognizable. Given Plaintiff's two opportunities to amend, the Court finds that further amendment would be futile. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Accordingly, the Court **RECOMMENDS** that the claims in Plaintiff's second amended complaint be **DISMISSED**, except for the free exercise claim under the First Amendment. The Court **DIRECTS** the Clerk of the Court to assign a district judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 21, 2020**                    /s/ *Sheila K. Oberto*
                                                                        UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28