UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. HERNANDEZ,<br><br>　　　　　Defendant. | No. 1:19-cv-00616-DAD-SKO (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 23) |

Plaintiff Allen Hammler is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 22, 2020, the assigned magistrate judge screened plaintiff's second amended complaint and issued findings and recommendations, recommending that this action proceed only on the claim brought under the free exercise clause of the First Amendment; that all other claims be dismissed; and that any further leave to amend be denied because plaintiff had twice had the opportunity to do so, but had continued to fail to allege cognizable claims. (Doc. No. 23 at 9.) Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within thirty (30) days after service of the findings and recommendations. (*Id*. at 6.) On October 7, 2020, plaintiff timely filed objections. (Doc. No. 24.)

1    In his objections, petitioner argues that the he is entitled to pursue his claim for retaliation in violation of the First Amendment because the assigned magistrate judge did not consider caselaw holding that "allegations of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal." (Doc. No. 24 at 2) (*citing Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012.) Plaintiff then attempts to describe the connection between defendant offering plaintiff opened alcohol pads—which plaintiff characterized as tainted and indicates would be in violation of his Rastafarian religion to use—to treat plaintiff's rash as a retaliatory response practice of his religion; but fails to persuasively do so. (*Id*. at 3.) As concluded by the magistrate judge, petitioner's claim for retaliation is not cognizable because plaintiff has not alleged facts showing that defendant provided plaintiff opened alcohol pads because of any attempt to practice his religion. (Doc. No. 23 at 7.) Plaintiff was told previously he must allege facts showing more of a connection to allege a cognizable claim (Doc. No. 18 at 6–7), but has not done so; and the court is simply unable to make a logical leap between the allegedly adverse action and the protected conduct based on the limited facts plaintiff has alleged.

Plaintiff further states that because defendant was aware plaintiff was unable to use the alcohol pads as they had been provided, defendant's behavior constitutes deliberate indifference under the Eighth Amendment. (*Id*. at 3–4.) This argument merely rehashes an assertion that was included in plaintiff's second amended complaint and was addressed thoroughly by the pending findings and recommendations. (Doc. No. 23 at 7–8.) Finally, plaintiff objects that the pending findings and recommendations did not address the substance of his claims brought under the Fourteenth Amendment. (Doc. No. 18 at 5 (*citing Sandin v. Conner*, 515 U.S. 472, 484 (1995)). However, the magistrate judge was not required to address the merits of plaintiff's claim because, as correctly outlined in the pending findings and recommendations, the Fourteenth Amendment does not provide a basis for plaintiff to recover because he is neither a civil detainee nor a pre-trial detainee; instead plaintiff's medical care claim would arise under the Eighth Amendment. (Doc. No. 21 at 8–9.) Petitioner's objections therefore provide no basis upon which to reject the pending findings and recommendations.

/////

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the magistrate judge's findings and recommendations are supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued September 22, 2020 (Doc. No. 23) are adopted in full;
2. This action shall proceed only on plaintiff's second amended complaint, filed May 13, 2020 (Doc. No. 21), against defendant Hernandez for an alleged violation of the Free Exercise Clause of the First Amendment;
3. All other claims are dismissed from this action for failure to state a claim with prejudice because the granting of further leave to amend would be futile; and
4. This action is referred back to the magistrate judge for proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **March 12, 2021**        *Dale A. Drozd*
                                   UNITED STATES DISTRICT JUDGE