UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>    Plaintiff,<br><br> v.<br><br>J. HERNANDEZ,<br><br>    Defendant. | Case No. 1:19-cv-00616-DAD-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANT'S MOTION TO DISMISS AND MOTION TO REVOKE *IN FORMA PAUPERIS* STATUS**<br><br>(Doc. 36) |

Plaintiff Allen Hammler is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983 action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Pending before the Court is a Motion to Dismiss and Motion to Revoke In Forma Pauperis Status Under 28 U.S.C. §1915(g) filed by Defendant J. Hernandez on July 14, 2021.

**I. Relevant Procedural Background**

Plaintiff filed this action on May 8, 2019. (Doc. 1.) On August 19, 2019, Plaintiff's application to proceed *in forma pauperis* was granted. (Doc. 13.)

Following screening of Plaintiff's complaint, on January 7, 2020, the undersigned found Plaintiff had stated a viable free exercise claim, but that his remaining claims were not cognizable. Plaintiff was directed to either file a first amended complaint curing the deficiencies identified, or alternatively, to notify the Court that he wished to proceed only on his free exercise

1  claim and to dismiss all remaining claims. (Doc. 14.) Plaintiff filed a first amended complaint on
2  February 24, 2020. (Doc. 17.)

3  On April 8, 2020, the undersigned again found that Plaintiff stated a viable free exercise
4  claim, but that his remaining claims were not cognizable. Plaintiff was directed to file a second
5  amended complaint curing the deficiencies identified, or alternatively, to notify the Court that he
6  wished to proceed as to his free exercise claim only. (Doc. 18.) Plaintiff filed a second amended
7  complaint on May 13, 2020. (Doc. 21.)

8  On September 21, 2020, the undersigned issued Findings and Recommendations to
9  dismiss the claims asserted in Plaintiff's second amended complaint except the free exercise
10 claim under the First Amendment. (Doc. 23.) Plaintiff filed objections to the Findings and
11 Recommendations on October 7, 2020. (Doc. 24.) On March 12, 2021, District Judge Dale A.
12 Drozd issued an Order Adopting the Findings and Recommendations in full. (Doc. 25.)

13 Following service of process upon Defendant Jody Hernandez[1] (J. Hernandez) (Doc. 35),
14 J. Hernandez filed a motion to dismiss the second amended complaint for a failure to state a claim
15 under 42 U.S.C. § 1983 pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 36.)
16 Defendant Hernandez also moved to revoke Plaintiff's in forma pauperis status, asserting Plaintiff
17 is a three-strike inmate under 28 U.S.C. § 1915(g). (*Id*.) On July 29, 2021, Plaintiff filed an
18 opposition to Defendant's motion. (Doc. 37.) Defendant filed a reply on August 5, 2021. (Doc.
19 38.)

20 **A. Prior Screening Orders & Plaintiff's Second Amended Complaint**

21 On January 7, 2020, the undersigned issued a screening order as to Plaintiff's original
22 complaint. (Doc. 14.)  The undersigned found as follows:

23
> Plaintiff's allegations, leniently construed, state a cognizable free
> exercise claim.  Plaintiff states that the use of "tainted" alcohol pads
24
> violates his Rastafarian faith. (Doc. 1 at 5-6.) Given that Plaintiff was
> in "great pain" due to his rash, (*id*. at 2), Defendant's refusal to
25
> provide him "untainted" pads tended to coerce Plaintiff to act
> contrary to his religious beliefs, *see Jones*, 791 F.3d at 1031, i.e., to
26
> use the tainted pads in violation of those beliefs. At the screening

27
---
28 [1] Defendant's motion notes Officer J. Hernandez was initially served in error. Jody Hernandez was later identified as the correct party and served accordingly. (Doc. 38 at 1, n.1.) Plaintiff identified Hernandez as a "PT" or "Psych-tech." (Doc. 21.)

2

> stage, the Court does not consider any potential governmental interests in Defendant's conduct or related prison regulations.

(Doc. 14 at 5.) Because several of Plaintiff's other claims were found to be as deficient at screening, Plaintiff was directed to file an amended complaint curing those deficiencies. (*Id.* at 8.)

Plaintiff filed a first amended complaint on February 24, 2020, again asserting a free exercise claim. (Doc. 17.) Following screening of the first amended complaint, on April 8, 2020, the undersigned held:

> Plaintiff's allegations, leniently construed, state a cognizable free exercise claim. Plaintiff states that the use of "tainted" alcohol pads violates his Rastafarian faith. (Doc. 17 at 5-6.) Given that Plaintiff was in "great pain" due to his rash (*id.* at 2, 5), Defendant's alleged refusal to provide him "untainted" pads to treat his wounds tended to coerce Plaintiff to act contrary to his religious beliefs, i.e. by using tainted pads in violation of those beliefs. Thus, Plaintiff's allegations, if true, show that Defendant placed a substantial burden on Plaintiff's exercise of religion. *See Jones*, 791 F.3d at 1031. The Court notes that, at the screening stage, it is unable to consider any potential government interests in Defendant's conduct or related prison regulations. *See O'Lone*, 482 U.S. at 349.

(Doc. 18 at 6.) Plaintiff was again afforded an opportunity to cure the deficiencies identified in the order.

In Plaintiff's second amended complaint filed May 13, 2020, Plaintiff reasserted his free exercise claim. (Doc. 21.) On September 21, 2020, the undersigned issued its Findings and Recommendations, and recommended that the free exercise claim under the First Amendment proceed as cognizable and that Plaintiff's remaining claims be dismissed. (Doc. 23.) On March 12, 2021, District Judge Dale A. Drozd issued an Order adopting the findings and recommendations in full and ordered that the action to proceed on Plaintiff's second amended complaint for an alleged violation of the Free Exercise Clause of the First Amendment, and that the remaining claims be dismissed with prejudice. (Doc. 25.)

## II.  Defendant's Motion to Dismiss the Second Amended Complaint

Defendant filed a motion on July 14, 2021, contending that Plaintiff's second amended complaint should be dismissed because: (1) Plaintiff was under a pre-filing vexatious litigant order requiring him to request and receive written leave before filing a lawsuit alleging a civil

3

rights violation and that Plaintiff had failed to follow the order, and (2) Plaintiff's complaint fails to state a claim upon which relief can be granted. (Doc. 36 at 3-6.) Plaintiff filed an opposition to Defendant's motion contending he was not subject to a pre-filing order at the time he filed this action, and that the Court's prior screening of the second amended complaint in which his single claim survived, should essentially serve to deny Defendant's motion because Defendant "just disagree[s] with the Magistrate's finding …." (Doc. 37 at 1-3.) Defendant filed a reply on August 5, 2021. (Doc. 38.)

### A. Withdrawal of Argument by Defendant Concerning Pre-Filing Order

In Defendant's reply to Plaintiff's opposition to the motion to dismiss, Defendant withdrew his motion to dismiss for a failure to comply with a pre-filing order. (Doc. 38 at 2:2.) Defendant indicated the "motion inadvertently applied" an incorrect date as to the issuance of the pre-filing order in *Hammler v. Alvarez*, No. 18-CV-326-AJB—a matter before the United States District Court for the Southern District of California. Defendant acknowledged that Plaintiff's instant action was filed May 8, 2019, *prior to* the correct date of August 13, 2019, when the pre-filing order took effect. (Doc. 38 at 2:3-7.) [2] Because Defendant withdrew his motion to dismiss contending Plaintiff violated a pre-filing order, the undersigned need not address it.

### B. Applicable Legal Standards

The issue before the Court is whether Plaintiff fails to state a claim upon which relief can be granted.

"The First Amendment, applicable to state action by incorporation through the Fourteenth Amendment, prohibits government from making a law prohibiting the free exercise [of religion]. The Supreme Court has repeatedly held that prisoners retain the protections of the First Amendment. A prisoner's right to freely exercise his religion, however, is limited by institutional objectives and by the loss of freedom concomitant with incarceration." *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (alteration in original) (citations and internal quotation marks omitted). "'To ensure that courts afford appropriate deference to

---

[2] In other words, Plaintiff did not fail to comply with a pre-filing order issued in August 2019 by filing this action in May 2019.

4

prison officials,' the Supreme Court has directed that alleged infringements of prisoners' free exercise rights be 'judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights.'" *Jones v. Williams*, 791 F.3d 1023, 1032 (9th Cir. 2015) (quoting *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987)). "The challenged conduct 'is valid if it is reasonably related to legitimate penological interests.'" *Id.* (quoting *O'Lone*, 482 U.S. at 349).

"To merit protection under the free exercise clause of the First Amendment, a religious claim must satisfy two criteria. First, the claimant's proffered belief must be sincerely held; the First Amendment does not extend to so-called religions which ... are obviously shams and absurdities and whose members are patently devoid of religious sincerity. Second, the claim must be rooted in religious belief, not in purely secular philosophical concerns." *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994) (alteration in original) (citations and internal quotation marks omitted), supplemented, 65 F.3d 148 (9th Cir. 1995); *see also Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (noting the Supreme Court's disapproval of the "centrality" test and finding that the "sincerity" test in Malik determines whether the Free Exercise Clause applies).

Additionally, "[a] person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of her religion." *Jones*, 791 F.3d at 1031. "A substantial burden ... place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Id.* at 1031-32 (alterations in original) (citation and internal quotation marks omitted)

Defendant contends that because Plaintiff's complaint did not allege Hernandez substantially burdened his practice of his religion, his claim fails and should be dismissed. Specifically, Defendant contends that Plaintiff did not allege Hernandez's refusal to provide him "untainted" pads was contrary to his religious beliefs, or that he was required to use them in violation of his beliefs. (Doc. 36 at 5; Doc. 38 at 3.) Defendant contends because Plaintiff's complaint "makes no mention of feeling coerced to act outside his faith and, from Hammler's recitation of events in his complaint, it is clear he felt comfortable rejecting and in fact did reject

5

the offered care consistent with his religious beliefs." (*Id.*) Defendant further contends the alleged violation "was a one-time isolated incident and therefore does not rise to the level of a constitutional violation." (Doc. 36 at 5-6; Doc. 38 at 3-4.)

At this stage of the proceedings, the Court is unpersuaded by Defendant's argument. *Jones*, 791 F.3d at 1031-32, and finds that the allegations in Plaintiff's second amended complaint, taken as true, sufficiently allege that Defendant's refusal to provide Plaintiff with "untainted"[3] pads was contrary to his religious beliefs. (Doc. 21 at 5-6 ["It was at that time that Plaintiff explained to him that he was a Religious Person of the Rastafarian Faith and further explained to Defendant that to remain in accord with his Faith, Religious belief and strict doctrines he was not able to use the [alcohol] pads for their having been tainted, i.e., puncture by an unknown object"].)

The Court is also not persuaded by Defendant's contention that Plaintiff's complaint lacks reference to coercion to act outside his faith. Plaintiff sought unopened alcohol pads, requesting Defendant "bring them and open them in [Plaintiff's] presence, using his hands and not an object to defile them," and alleges that Defendant refused to do so and walked away. (Doc. 21 at 6.) Although Plaintiff refused to use the "tainted" alcohol pads, at this stage of the proceedings, taken as true, Plaintiff's allegations can be reasonably viewed as Defendant having exerted substantial pressure on Plaintiff to modify his behavior – by leaving Plaintiff with only the option of using "tainted" alcohol pads to treat a painful rash and open sores on both legs causing Plaintiff to fear infection[4] – in violation of Plaintiff's beliefs. *Jones*, 791 F.3d at 1031-32.

Citing *Canell v. Lightner*, 143 F.3d 1210 (9th Cir. 1998), Defendant next contends that even if Plaintiff's allegation are taken to be true, "it was a one time isolated incident and therefore

---

[3] Plaintiff explained the alcohol pads were "still inside their individual packs but each having been punctured by Defendant, using some, unknown object of circular shape." (Doc. 21 at 5.) When Plaintiff asked Defendant why the alcohol pads were provided in an opened state, Defendant refused to answer. (*Id.*)

[4] Plaintiff was "suffering from a rash, and or fungal infection which was ravishing his legs, both, from ankle to knees, having open sores, multiple, set in the rash and surrounded by it, some of which were actively bleeding and causing him great pain," and Plaintiff was concerned "that the sores could become infected and thereby become a means for the fungus or whatever it was to enter his bloodstream." (Doc. 21 at 2-3.) Plaintiff alleged Defendant Hernandez "opined the rash … could be sca[b]ies." (Doc. 21 at 4.)

6

does not rise to the level of a constitutional violation." (Doc. 36 at 5-6.) In *Canell*, the plaintiff complained of defendant's "mock-preaching and espousal of religious views" occurring over an approximately two-month period, alleging interference with the plaintiff's efforts to pray in accordance with his Muslim faith. *Canell*, at 1211, 1214-1215. The Ninth Circuit held that "[w]hile Lightner's evangelizing may have constituted an intrusion upon Canell's prayers on some occasions during the brief period involved, we agree with the district court's conclusion that these intrusions were 'relatively short-term and sporadic' and did not constitute a substantial interference." *Id.* at 1215. The undersigned finds the short-term sporadic intrusions at issue in *Canell* are factually distinguishable from the intrusion of which Plaintiff complains. Here, Defendant's act of providing "tainted" alcohol pads and refusing to provide "untainted" or unopened alcohol pads, in a manner that inferentially extended Plaintiff's physical pain and suffering and may have served as a blanket prohibition of any availability of unopened alcohol pads, could have plausibly interfered with Plaintiff's free exercise of religion.

Whether Defendant Hernandez's refusal to provide "untainted" alcohol pads amounts to a substantial burden on the exercise of Plaintiff's Rastafarian faith is a disputed issue of fact to be resolved at a later stage. Defendant has not yet answered Plaintiff's complaint and may articulate a legitimate penological interest that would justify Defendant's providing alcohol pads in an opened or unsealed state. *Shakur v. Schriro*, 514 F.3d at 883-84. At this stage of the proceedings, however, Plaintiff must only allege facts that, when accepted as true and the light most favorable to him, state a claim for relief.  Plaintiff has done so.  The Court recommends that Defendant's motion to dismiss the second amended complaint be denied.

**III.    Defendant's Motion to Revoke Plaintiff's In Forma Pauperis Status**

While Defendant originally moved to revoke Plaintiff's *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g) (Doc. 36 at 6-9), in his reply, Defendant withdrew his motion to revoke IFP status, acknowledging "[t]hree of the strikes relied on were after Hammler filed the instant action." (Doc. 38 at 3.) Defendant notes he will "reevaluate however whether a renewed motion to revoke Hammler's in forma pauperis status is appropriate given the *Hammler v. Alvarez* court's ruling that was issued only three months before the current action." (*Id.*) Defendant concludes he

7

will refile a motion to revoke IFP status if appropriate. (*Id.*)

In light of Defendant's withdrawal of the motion to revoke IFP status, the motion should be denied as moot.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court RECOMMENDS:

1. Defendant's motion to dismiss Plaintiff's second amended complaint for a failure to state a claim be DENIED; and

2. Defendant's motion to revoke Plaintiff's IFP status be DENIED as MOOT.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days of the date of service of these Findings and Recommendations, Defendant may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 15, 2022**                    /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE