UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. HERNANDEZ,<br><br>　　　　Defendant. | Case No. 1:19-cv-00616-DAD-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**<br><br>(Doc. No. 44) |

Plaintiff Allen Hammler is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983 action.

On June 28, 2022, Plaintiff filed a document titled "Motion for Order(s) Re Access to Phone and Legal Aide." (Doc. 44.) Defendant J. Hernandez filed an objection to Plaintiff's motion. (Doc. 45.) Plaintiff filed a reply. (Doc. 46.)

**I.　DISCUSSION**

The undersigned construes Plaintiff's filing as a motion for injunctive relief and addresses the motion accordingly.

**A.　The Parties' Submissions**

In his motion, Plaintiff seeks an order directing California Department of Corrections and Rehabilitation (CDCR) Secretary Kathleen Allison "and her Agents having custody of Plaintiff" to assign a litigation coordinator to assist Plaintiff with access "to the necessary tools to submit all

mandated and endeavored submissions," contending the law librarian at his institution "continually denie[s] him any and all services." (Doc. 44 at 1-2.) Plaintiff contends this has been an issue since October 29, 2021, through the present. (*Id*. at 2.) Plaintiff also seeks an order of this Court granting him access to the pay phone in the common area for "[o]ne [h]our twice a week at any time between the Hours of 8:00 am. and 5:00 pm. that Staff Deems Viable, First on Mondays and again on Following Thursdays…." (*Id*.) Plaintiff submits a declaration (*id*. at 3-4) and points and authorities, citing to *Ake v. Oklahoma*, 470 U.S. 68 (1985) (*id*. at 5).

Defendant objects to Plaintiff's motion, contending the Court cannot enjoin the actions of non-party individuals, Plaintiff's request does not relate to his complaint, and Plaintiff provides no authority in support of his motion. (Doc. 45 at 2-3.)

In his reply, Plaintiff contends that because defense counsel did not raise any objection to Plaintiff's request for phone access, Defendant is "[i]n essence waiving Argument." (Doc. 46 at 1.) Plaintiff states that because his motion "in that aspect is unchallenged," he "would withdraw the Motion as it related to Library access" in favor of the Court granting Plaintiff "the needed Phone access." (Id.) Plaintiff states phone access "can be used to have Paralegals" perform clerical tasks such as copying and coordinating and submitting documents. (*Id*. at 2.)

**B. Applicable Legal Standards**

"A preliminary injunction is an extraordinary remedy never awarded as of right."[1] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983);

---

[1] "The standard for a [temporary restraining order] is the same as for a preliminary injunction." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (citation omitted).

*Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id*. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." The pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst*., 555 U.S. 488, 491-93 (2009*); Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969.

A "federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "[A]n injunction must be narrowly tailored 'to affect only those persons over which it has power,' . . . and to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible breaches of the law.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting *Zepeda*, 753 F.2d at 727, 728 n.1).

Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice." *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977) (footnote & citations omitted). However, "injunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances," and only "if the legal rights at issue are indisputably clear." *Brown v. Gilmore*, 533 U.S. 1301, 1303 (2001) (citations & internal quotation marks omitted).

**C. Analysis**

Plaintiff seeks an order directing the CDCR Secretary to direct staff at the Substance Abuse Treatment Facility (SATF) in Corcoran to provide him with legal aid and access to the law library, and phone privileges. This Court, however, lacks personal jurisdiction over the CDCR Secretary and individuals employed at SATF because none of those individuals are named in Plaintiff's complaint.

Plaintiff's operative second amended complaint concerns only Defendant Hernandez, a "Psych-Tech" at California State Prison, Corcoran. (*See* Doc. 21 at 2; *see also* Doc. 25 at 3 [Order Adopting F&Rs; action to proceed only as to Defendant Hernandez].) The operative complaint does not name CDCR Secretary Kathleen Sullivan or any employee at SATF. *See Zepeda v. U.S. I.N.S.*, 753 F.2d at 727 (a federal court may issue an injunction only if it has personal jurisdiction over the parties; it may not attempt to determine the rights of persons not before the court); *Price v. City of Stockton*, 390 F.3d at 1117. The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491-93 (the pendency of an action does not give a court jurisdiction over prison officials in general); *Mayfield*, 599 F.3d at 969. Because this Court's jurisdiction is limited to Defendant Hernandez—the only named defendant in this action—it has no jurisdiction over the CDCR Secretary or personnel at SATF.

Plaintiff also cites to the All Writs Act as a basis for injunctive relief. The All Writs Act permits the court to use injunctive relief against persons who are not parties to the action when it is necessary for the court to exercise or preserve its jurisdiction. *Plum Creek Lumber Co. v. Hutton*, 608 F.2d 1283, 1289 (9th Cir. 1979). Yet, the use of an injunction against non-parties is also heavily disfavored. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969).

Here, Plaintiff simply states "where this instant matter is already before the Court it is necessary and appropriate For the Court to via the All Writs Act issue the needed Orders." (Doc. 44 at 5, emphasis in original.) He makes no attempt to demonstrate how the All Writs Act is necessary in this case. The mere fact an action is pending before the Court does not favor

4

1   application of the All Writs Act permitting the use of injunctive relief. Nor does the Court find
2   the circumstances present here to be "critical and exigent" and the rights at issue "indisputably
3   clear" such that injunctive relief pursuant to the All Writs Act would be appropriate. *Brown v.*
4   *Gilmore*, 533 U.S. at 1303. This matter has not been set for trial, nor has a discovery and
5   scheduling order issued. Plaintiff has already filed an opposition (Doc. 37) to Defendant's
6   pending motion to dismiss (Doc. 36). The time for Plaintiff to file a reply to Defendant's
7   opposition (Doc. 43) to his own motion for summary judgment (Doc. 42) has also passed.
8   Therefore, Plaintiff does not face any imminent filing deadlines. Defendant's motion to dismiss
9   and Plaintiff's motion for summary judgment will be decided in due course. Simply stated, there
10  are no "critical and exigent" circumstances warranting relief pursuant to the All Writs Act.

11  Plaintiff's contentions in the instant motion are also unrelated to the allegations in his
12  operative complaint. In his complaint, Plaintiff alleges that the use of "tainted" alcohol pads,
13  provided by Defendant Hernandez to treat Plaintiff's rash, violate his Rastafarian faith. (*See* Doc.
14  23 at 3-4 [factual recitation], 5-6 [analysis of claim].) This Court does not have the authority to
15  issue an injunction on matters that are not related to the claims pled in the complaint. *See Pac.*
16  *Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("A court's
17  equitable power lies only over the merits of the case or controversy before it. When a plaintiff
18  seeks injunctive relief based on claims not pled in the complaint, the court does not have the
19  authority to issue an injunction").

20  Even assuming *arguendo* that Plaintiff's contention that Defendant waived any objection
21  to injunctive relief regarding Plaintiff's access to the telephone was correct, the Court cannot
22  issue an order providing injunctive relief because it lacks jurisdiction over the CDCR Secretary
23  and SATF personnel. Even liberally construing Plaintiff's motion to conclude Plaintiff is likely to
24  suffer irreparable harm in the absence of access to the legal aid and phone privileges he seeks,
25  Plaintiff cannot prevail.

26  Plaintiff's motion addresses only three of the four necessary factors required to obtain
27  injunctive relief. *See Winter*, 555 U.S. at 20 ("A plaintiff seeking a preliminary injunction must
28  establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in

the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest"). Plaintiff has made no attempt to show he is likely to succeed on the merits of his claim, that the balance of equities tips in his favor, or that the injunction he seeks is in the public interest. *Winter*, 555 U.S. at 20.

Finally, Plaintiff's reliance upon *Ake v. Oklahoma* is misplaced. Briefly stated, in *Ake*, Petitioner ~~Ake~~ was charged with first degree murder and faced the death penalty if convicted at trial. *Ake*, 470 U.S. at 70-72. The Supreme Court held that when a defendant makes a preliminary showing that his sanity was a significant factor at trial, it is error to deny psychiatric assistance to an indigent defendant. *Id*. at 74. The *Ake* decision is simply not applicable to a civil rights action where a plaintiff is seeking injunctive relief. In sum, Plaintiff is not entitled to injunctive relief.

## II.     CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the Court RECOMMENDS that Plaintiff's motion for injunctive relief (Doc. 44) be DENIED.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 1, 2022**                    /s/ *Sheila K. Oberto*
                                               UNITED STATES MAGISTRATE JUDGE