UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>    Plaintiff,<br><br>v.<br><br>J. HERNANDEZ,<br><br>    Defendant. | Case No. 1:19-cv-00616-ADA-SKO (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANT'S MOTION TO DISMISS AND MOTION TO REVOKE** *IN FORMA PAUPERIS* **STATUS**<br><br>(Doc. No. 40) |

Plaintiff Allen Hammler ("Plaintiff") is a state prisoner, proceeding *pro se* and *in forma pauperis*, in this civil rights action pursuant to 42 U.S.C. § 1983 action. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 14, 2021, Defendant J. Hernandez ("Defendant") filed a motion to dismiss Plaintiff's second amended complaint for a failure to state a claim, and a motion to revoke Plaintiff's *in forma pauperis* ("IFP") status. (Doc. No. 36.) Plaintiff filed an opposition on July 29, 2021 (Doc. No. 37), and Defendant replied thereto on August 5, 2021. (Doc. No. 38.)

On March 15, 2022, the assigned magistrate judge issued findings and recommendations to deny Defendant's motion to dismiss Plaintiff's second amended complaint, and to deny Defendant's motion to revoke Plaintiff's IFP status as moot. (Doc. No. 40.) The findings and recommendations were served on Defendant and contained notice that any objections were to be filed within fourteen (14) days. (*Id.* at 8.) Defendant filed objections to the findings and

1    recommendations on March 25, 2022.  (Doc. No. 41.)

2        Defendant's objections are unpersuasive to overturn the findings and recommendations.
3    A plaintiff asserting a free exercise claim must show that the government action in question
4    substantially burdened his religious practice, meaning "it must have [had] the tendency to coerce
5    [a plaintiff] into acting contrary to [his] religious beliefs . . . ."  *Jones v. Williams*, 791 F.3d 1023,
6    1031-32 (9th Cir. 2015).  In his objections, Defendant did not address whether his alleged actions
7    had a tendency to coerce Plaintiff into acting contrary to his religious belief.  (*See* Doc. No. 41 at
8    2.)  Rather, Defendant mainly argued that the interference of one's free exercise right must be
9    attributed to more than an isolated incident (Doc. No. 41 at 4), as mentioned in *Canell v.*
10   *Lightner*, 143 F.3d 1210, 1215 (9th Cir. 1998).  Plaintiff's complaint described one instance of an
11   alleged violation of his free exercise rights (Doc. No. 21 at 2), which may be considered
12   "relatively short-term and sporadic."  *Canell*, 143 F.3d at 1215.

13       However, in a previous order, the court had already screened Plaintiff's complaint,
14   according to 28 U.S.C. § 1915A.  (Doc. No. 23 at 6.)  In the order, the court found that Plaintiff's
15   complaint did not fail to state a claim upon which relief may be granted.  (*Id.*)  The legal standard
16   for sua sponte dismissal of a prisoner's complaint against a government defendant for failure to
17   state a claim is identical to the legal standard used when ruling on a motion to dismiss for failure
18   to state a claim upon which relief can be granted.  *Sudler v. Dangberg*, 635 F. Supp. 2d 356, 358
19   (D. Del. 2009).  The court had reviewed Plaintiff's allegations and held that Plaintiff adequately
20   alleged that Defendant placed a substantial burden on the free exercise of his religion.  (Doc. No.
21   23 at 6.)  Plaintiff stated that the use of "tainted" alcohol pads violates his Rastafarian faith.
22   (Doc. No. 21 at 5-6.)  Given that Plaintiff was in "great pain" due to his rash (*id.* at 2, 5),
23   Defendant's alleged refusal to provide him "untainted" pads to treat his wounds tended to coerce
24   Plaintiff to act contrary to his religious beliefs.  Overall, the court finds no basis to overturn the
25   findings and recommendations.

26       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a
27   *de novo* review of this case.  Having carefully reviewed the file, the Court finds the findings and
28   recommendations to be supported by the record and proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on March 15, 2022 (Doc. No. 40) are ADOPTED in full;
2. Defendant's motion to dismiss the second amended complaint (Doc. No. 36) is DENIED;
3. Defendant's motion to revoke Plaintiff's IFP status (Doc. No. 36) is DENIED as MOOT; and,
4. This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   September 8, 2022

UNITED STATES DISTRICT JUDGE

3