UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>            Plaintiff,<br><br>    v.<br><br>J. HERNANDEZ,<br><br>            Defendant. | Case No. 1:19-cv-00616-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, WITHOUT PREJUDICE, AS PREMATURE**<br><br>(Doc. No. 42) |

Plaintiff Allen Hammler is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983 action.

**I.    RELEVANT PROCEDURAL BACKGROUND**

On May 6, 2022, Plaintiff filed a Motion for Summary Judgment. (Doc. 42.) Defendant J. Hernandez filed an opposition on May 13, 2022. (Doc. 43.) Plaintiff did not file a reply.

On October 12, 2022, the Court issued its Order Reassigning Case, following the consent of the parties, reassigning this action to the undersigned for all further proceedings, including trial and entry of judgment. (Doc. 55.)

**II.   LEGAL STANDARDS**

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by

"citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials...." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, *after adequate time for discovery* and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (italics added). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986).

In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or shows that the materials cited by the movant do not establish the absence of a genuine dispute. *See* Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *see Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, *see Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987). In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv.*, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory

committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. *See Anderson*, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. *See Matsushita*, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

## III.  DISCUSSION

In the instant motion, Plaintiff seeks summary judgment on the merits of his First Amendment free exercise claim against Defendant. Plaintiff's motion for summary judgment is premature pursuant to Rule 56 of the Federal Rules of Civil Procedure because summary judgment generally follows discovery. Although Rule 56 allows a party to file a motion for summary judgment "at any time," the rule also allows the court, as is just, to deny the motion or order a continuance for the opposing party to pursue discovery. Fed. R. Civ. P. 56.

On September 21, 2022, more than four months after the instant motion was filed, Defendant answered Plaintiff's operative second amended complaint.[1] (Doc. 50.)  The Court has not yet issued its discovery order and discovery has not yet commenced. Written discovery (requests for production of documents, interrogatories, admissions) has not yet been propounded and depositions have not been taken. *See* Fed. R. Civ. P. 56(c)(1)(A).  As set forth in his opposition (*see* Doc. 43), Defendant is entitled to an opportunity to pursue discovery before

---

[1] On July 14, 2021, Defendant filed a motion to dismiss the second amended complaint for Plaintiff's failure to state a claim and failure to comply with a vexatious litigant prefiling order. (Doc. 36.) The undersigned issued Findings and Recommendations to deny Defendant's motion on March 15, 2022. (Doc. 40.) On September 9, 2022, District Judge Ana de Alba adopted the findings in full, denying Defendant's motion to dismiss. (Doc. 49.) At the time Plaintiff filed the instant motion for summary judgment, the findings had not yet been adopted by a district judge.

3

responding to a summary judgment motion. Defendant contends that without an opportunity to complete discovery, Plaintiff's claims, and any viable defenses thereto, cannot be evaluated. (*Id.*)

Based on the foregoing, Plaintiff's motion for summary judgment will be denied as premature. Plaintiff may file a motion for summary judgment that incorporates after obtaining all relevant materials following completion of discovery as contemplated by Rule 56. *See, e.g.*, *Moore v. Hubbard*, No. CIV S-06-2187 FCD EFB P, 2009 WL 688897, at *1 (E.D. Cal. Mar. 13, 2009) (recommending that pre-discovery motion for summary judgment be denied as premature); *see also Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003) (noting that when "a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case," the district court should grant requests by non-movants to take discovery prior to considering the motion for summary judgment); *Vining v. Runyon*, 99 F.3d 1056, 1058 (11th Cir. 1996) ("A premature decision on summary judgment impermissibly deprives the [defendants] of their right to utilize the discovery process to discover the facts necessary to justify their opposition to the motion").

Plaintiff's motion for summary judgment also fails to comply with Local Rule 260(a), which requires that "[e]ach motion for summary judgment or summary adjudication shall be accompanied by a 'Statement of Undisputed Facts' that shall enumerate discretely each of the specific material relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact." Compliance with Local Rule 260(a) is mandatory. Plaintiff's failure to include a Statement of Undisputed Facts with his summary judgment motion renders his summary judgment motion procedurally defective. Plaintiff is cautioned that any future motion for summary judgment must include a "Statement of Undisputed Facts" and must otherwise comply with the Local Rules.

//

//

//

### IV.     CONCLUSION AND ORDER

For the reasons given above, Plaintiff's motion for summary judgment (Doc. 42) is DENIED, without prejudice, as premature. Further, the Clerk of the Court is DIRECTED to issue a Discovery and Scheduling Order in this action.

IT IS SO ORDERED.

Dated:     **November 2, 2022**               /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE