UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>    Plaintiff,<br><br>    v.<br><br>J. HERNANDEZ,<br><br>    Defendant. | Case No. 1:19-cv-00616 SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO FILE SURREPLY**<br><br>(Doc. 72) |

**I.     RELEVANT BACKGROUND**

On May 31, 2023, Defendant Hernandez filed a motion for terminating sanctions for Plaintiff's willful failure to participate in a deposition. (*See* Doc. 64.) Pursuant to Local Rule 230(*l*), Plaintiff's opposition or statement of non-opposition to the motion was to be filed "not more than twenty-one (21) days after the date of service of the motion."

On June 30, 2023, when more than 21 days passed without Plaintiff filing an opposition or statement of non-opposition to Defendant's motion, the Court issued its Order To Show Cause Why Action Should Not Be Dismissed For Failure To Obey Court Orders. (Doc. 65.)

On July 6, 2023, Plaintiff filed a motion for a 30-day extension of time. (Doc. 66.)

On July 7, 2023, the Court issued its Order Discharging Order To Show Cause and Order Partially Granting Extension Of Time Within Which To File Opposition To Motion For Terminating Sanctions. (Doc. 67.) Plaintiff was granted an extension of 21 days from the date of

1   service within which to file his opposition to Defendant's motion. (*Id*. at 2.) Plaintiff was also

2   cautioned that "[n]o further extensions of time will be entertained absent a showing of good cause

3   accompanied by supporting documentation or declaration." (*Id*.)

4         On July 25, 2023, the Court's July 13, 2023 order, having been served on Plaintiff at

5   California State Prison, Sacramento, was returned by the United States Postal Service marked

6   "Undeliverable, Refused." (*See* Docket Entry dated 7/25/23.)

7         On August 3, 2023, Plaintiff filed an opposition (Doc. 71) and Defendant replied on

8   August 17, 2023 (Doc. 71).

9         On September 14, 2023, Plaintiff filed a "Motion to File Sur-Reply." (Doc. 72.)

10  **II.   DISCUSSION**

11        Plaintiff seeks the Court's permission to file a sur-reply to Defendant's reply to his

12  opposition to the motion for terminating sanctions. (Doc. 72.) Plaintiff contends Defendant's

13  reply raises "new Arguments the Plaintiff should be allowed to Address if they are to be

14  considered." (*Id*. at 1.) Plaintiff states "said motion is based on the Arguments and Statements of

15  the attached Surreply as to avoid Belaboring here." (*Id*. at 2.)

16        The Court initially notes that Plaintiff's filing did not include an attachment. Although

17  there are no "Arguments and Statements" for the Court to consider, the Court finds any

18  attachment Plaintiff intended to file to be unnecessary.

19        Second, the motion for terminating sanctions was considered submitted with the filing of

20  Defendant's reply on August 17, 2023. (*See* Local Rule 230(l) ["All such motions will be deemed

21  submitted when the time to reply has expired"].)

22        Third, a review of Defendant's reply to Plaintiff's opposition reveals there are no new

23  arguments. Defendant is simply replying to the arguments asserted in Plaintiff's opposition. (Cf.

24  Doc. 70 at 3-20 [Plaintiff's opposition] to Doc. 71 [Defendant's reply].)

25        Fourth, while Local Rule 230(m) allows for the filing of "additional memoranda, papers

26  or other materials," that rule pertains to either new evidence submitted after the reply is filed or

27  where a relevant judicial opinion is issued after the date a party's opposition or reply was filed.

28  Neither of those circumstances apply here. Plaintiff neither alleges that new evidence was

submitted with Defendant's opposition, nor does his request concern a relevant judicial opinion issued after Defendant's reply was filed.

Finally, Plaintiff's motion was not served until September 10, 2023 (*see* Doc. 72 at 3 [Proof of Service]), but Defendant's reply was filed and served August 17, 2023. Thus, Plaintiff waited 24 days to serve his motion, exceeding both the 21-day deadline associated with the filing of an opposition to a motion and the 14-day deadline associated with the filing of a reply to an opposition. (*See* Local Rule 230(*l*).) Despite the fact Local Rule 230(*l*) does not specifically address the timeliness of filing a motion to file a sur-reply, the Court finds Plaintiff's motion here to be untimely as it exceeds all applicable deadlines otherwise associated with Local Rule 230(*l*). *See Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (district court has broad discretion in interpretation of its local rules).

In sum, Plaintiff's motion to file a sur-reply will be denied. Defendant's motion for terminating sanctions was deemed submitted as of August 17, 2023, Defendant's reply to Plaintiff's opposition does not include new arguments, and Plaintiff's motion is untimely.

### III.  CONCLUSION AND ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff's motion to file a sur-reply (Doc. 72) is **DENIED**.

IT IS SO ORDERED.

Dated:   **September 15, 2023**                    /s/ *Sheila K. Oberto*
                                                                           UNITED STATES MAGISTRATE JUDGE