UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>            Plaintiff,<br><br>   v.<br><br>J. HERNANDEZ,<br><br>            Defendant. | Case No. 1:19-cv-00616 SKO (PC)<br><br>**SECOND INFORMATIONAL ORDER – NOTICE AND WARNING REGARDING REQUIREMENTS FOR OPPOSING DEFENDANTS' SUMMARY JUDGMENT MOTION** |

Plaintiff Allen Hammler is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claim for a violation of the Free Exercise Clause of the First Amendment as alleged in the second amended complaint. (Doc. 26.) The parties have consented to the jurisdiction of the magistrate judge. (Doc. 55.)

**I.    *RAND* NOTICE**

Defendants filed a motion for summary judgment on January 30, 2024. (Doc. 77.) Defendants' Notice of Motion states it includes "the Rand notice." [1] (*Id.* at 2.) However, a review of the motion by the Court reveals it does not include a *Rand* notice or warning.[2] Therefore, the Court hereby notifies Plaintiff of the following rights and requirements for opposing the motion.

---

[1] *Rand v. Rowland*, 154 F.3d 952, 961 n.8 (9th Cir. 1998).

[2] *Woods v. Carey*, 684 F.3d 934, 938 (9th Cir. 2012) (defendants are required to provide *Rand* notice at the time a motion for summary judgment is filed to prevent prejudice against a pro se prisoner litigant opposing such motion).

**NOTICE—WARNING**

*This Notice is Required to be Given to You by The Court*

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand*, 154 F.3d at 961 n.8, Appendix "A."

1. Unless otherwise ordered, all motions for summary judgment are briefed pursuant to Local Rule 230(l).

2. Plaintiff is required to file an opposition or a statement of non-opposition to Defendants' motion for summary judgment. Local Rule 230(l). If Plaintiff fails to file an opposition or a statement of non-opposition to the motion, this action may be dismissed, with prejudice, for failure to prosecute. The opposition or statement of non-opposition must be filed not more than 21 days after the date of service of the motion. *Id.*

3. A motion for summary judgment is a request for judgment on some or all of Plaintiff's claims in favor of Defendants without trial. Fed. R. Civ. P. 56(a). Defendants' motion

sets forth the facts which they contend are not reasonably subject to dispute and that entitle them to judgment as a matter of law. Fed. R. Civ. P. 56(c). This is called the Statement of Undisputed Facts. Local Rule 260(a).

4. Plaintiff has the right to oppose a motion for summary judgment. To oppose the motion, Plaintiff must show proof of his claims. Plaintiff may agree with the facts set forth in Defendants' motion but argue that Defendants are not entitled to judgment as a matter of law.

5. In the alternative, if Plaintiff does not agree with the facts set forth in Defendants' motion, he may show that Defendants' facts are disputed in one or more of the following ways: (1) Plaintiff may rely upon statements made under the penalty of perjury in the complaint or the opposition if (a) the complaint or opposition shows that Plaintiff has personal knowledge of the matters stated and (b) Plaintiff calls to the Court's attention those parts of the complaint or opposition upon which Plaintiff relies; (2) Plaintiff may serve and file declarations setting forth the facts which Plaintiff believes prove his claims;[3] (3) Plaintiff may rely upon written records but Plaintiff must prove that the records are what he claims they are;[4] or (4) Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. Should Plaintiff fail to contradict Defendants' motion with declarations or other evidence, Defendants' evidence will be taken as truth, and final judgment may be entered without a full trial. Fed. R. Civ. P. 56(e).

6. In opposing Defendants' motion for summary judgment, Local Rule 260(b) requires Plaintiff to reproduce Defendants' itemized facts in the Statement of Undisputed Facts and admit those facts which are undisputed and deny those which are disputed. If Plaintiff disputes (denies) a fact, Plaintiff must cite to the evidence used to support that denial (e.g., pleading, declaration, deposition, interrogatory answer, admission, or other document). Local

---

[3] A declaration is a written statement setting forth facts (1) which are admissible in evidence, (2) which are based on the personal knowledge of the person giving the statement, and (3) to which the person giving the statement is competent to testify. 28 U.S.C. § 1746; Fed. R. Civ. P. 56(c)(4). A declaration must be dated and signed under penalty of perjury as follows: "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.  Executed on (date). (Signature)." 28 U.S.C. § 1746.

[4] Sworn or certified copies of all papers referred to in the declaration must be included and served on the opposing party. Fed. R. Civ. P. 56(e).

3

Rule 260(b).

8. Unsigned declarations will be stricken, and declarations not signed under penalty of perjury have no evidentiary value.

9. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of the Eastern District of California may result in the imposition of sanctions including but not limited to dismissal of the action or entry of default.

## II. DEADLINE TO FILE OPPOSITION

Considering Plaintiff's pro se status and Defendants' missing *Rand* notice meant to accompany the motion for summary judgment, the Court finds it appropriate to extend the deadline for Plaintiff to file his opposition to Defendants' motion for summary judgment.

## III. CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** as follows:

1. Within **twenty-one (21) days** from the date of service of this order, Plaintiff shall file an opposition or statement of non-opposition to Defendants' motion for summary judgment, in compliance with Federal Rule of Civil Procedure 56 and Local Rule 260; and

2. **Any request for an extension of time of this deadline must be filed on or before it expires and must be supported by good cause**.

IT IS SO ORDERED.

Dated: **January 31, 2024**           /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE