UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALLEN HAMMLER,

       Plaintiff,

  v.

J. HERNANDEZ,

       Defendant.

Case No. 1:19-cv-00616 SKO (PC)

**ORDER DENYING PLAINTIFF'S REQUEST FOR A COURT ORDER**

(Doc. 88)

## I.    INTRODUCTION

This Court issued its Order Setting Dispositive Motion Deadline on November 13, 2023. (Doc. 76.) Dispositive motions were to be filed no later than January 30, 2024. (*Id.*)

On January 30, 2024, Defendant filed a motion for summary judgment. (Doc. 77.) On February 1, 2024, Plaintiff timely filed a motion for summary judgment. (Doc. 81.) Defendant filed an opposition on February 15, 2024. (Doc. 82.) On February 22, 2024, the Court issued an order granting Plaintiff's request for an extension of time within which to file an opposition to Defendant's motion for summary judgment to March 21, 2024. (Doc. 84.) Plaintiff has not filed an opposition to Defendant's motion.

On March 25, 2024, Plaintiff filed a document titled "Motion for Order Re Access to Law Library." (Doc. 88.)[1]

---

[1] The motion is signed and dated March 20, 2024.

1   **II.     DISCUSSION**

2       Plaintiff moves the Court for "an Order directing Secretary of CDCR Macomber, Warden

3   of Pelican Bay State Prison (PBSP), and their Agents over and in the RHU to" immediately

4   assign a litigation coordinator to assist Plaintiff in "being able to obtain copies of his endeavored

5   submissions" in this case and to "direct" those individuals to "adhere to" provisions of the

6   California Code of Regulations and to "stop preventing the filings of pleadings unless he provide

7   them to officers first, whom are or may be the subject of the pleadings." (Doc. 88 at 1-2.)

8   Plaintiff's motion is supported by his declaration. (*Id*. at 3-5.) Plaintiff states that before his

9   transfer to Pelican Bay State Prison, he was provided "necessary and proper access" to the law

10  library and assistance with legal copy requests. (*Id*. at 3, ¶ 1.) Plaintiff asserts that assistance was

11  "to prevent custody staff, i.e., officers (C/Os) from reading and or interfering with the filing of

12  court documents …." (*Id*., ¶ 2.)

13      Following his transfer and over the period of three days, Plaintiff states he has "attempted

14  to gain access to copies of [his] completed Reply" to Defendants' motion for summary judgment.

15  (*Id*. at 4, ¶ 3.) He has been told by Pelican Bay State Prison staff "that there is no process for the

16  access in works as of today, but have had them provide me forms that evidence other." (*Id*.)

17  Plaintiff states he has "asserted the right to have the processes published in the provided forms

18  …" but his requests have been refused. (*Id*., ¶ 4.) Despite being "illegally pressed upon," he has

19  "no other avenue to obtain the relief but for this Court that has inherent power to stop an

20  uninterested party from interfering with [his] litigating a matter" on this Court's docket. (*Id*. at 4-

21  5, ¶ 5.) Plaintiff contends his "motion should not be read or construed as a request for injunctive

22  relief, but a motion of which the court may entertain in the absence of showings that are

23  mandated for injunction." (*Id*. at 5, ¶ 5.)

24      Although Plaintiff contends that this Court should not read or construe his motion as a

25  motion for injunctive relief, that is precisely the type of relief Plaintiff seeks. Plaintiff asks this

26  Court to issue an order directing non-parties to take a particular action and avoid other actions.

27  The pendency of this action does not give the Court jurisdiction over prison officials in general.

28  *Summers v. Earth Island Inst*., 555 U.S. 488, 491-93 (2009*); Mayfield v. United States*, 599 F.3d

2

1  964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the

2  viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491-93; *Mayfield*,

3  599 F.3d at 969.

4      A "federal court may issue an injunction [only] if it has personal jurisdiction over the

5  parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of

6  persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "[A]n

7  injunction must be narrowly tailored 'to affect only those persons over which it has power,' . . .

8  and to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible

9  breaches of the law.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting

10  *Zepeda*, 753 F.2d at 727, 728 n.1). Here, the Secretary of the California Department of

11  Corrections and Rehabilitation and the warden and other officials at Pelican Bay State Prison are

12  not parties to this action. The order Plaintiff requests is not related to the viable legal claim in this

13  action: a free exercise of religion claim arising under the First Amendment and occurring in 2018

14  while Plaintiff was incarcerated at California State Prison, Corcoran. The Court does not have

15  personal jurisdiction over the individuals that are the subject of Plaintiff's motion. *Zepeda*, 753

16  F.2d at 727; *Price*, 390 F.3d at 1117.  Plaintiff's request does not relate to the claim in Plaintiff's

17  complaint or involve the parties to this action and therefore the Court does not have jurisdiction.

18  *See Summers*, 555 U.S. at 491-93; *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley*

19  *Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471

20  (1982); *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015)

21  (a plaintiff is not entitled to injunctive relief based on claims not pled in the complaint because

22  the "court's equitable power lies only over the merits of the case or controversy before it");

23  *Mayfield*, 599 F.3d at 969.

24      Based upon Plaintiff's motion and the accompanying declaration, copies or documents

25  Plaintiff seeks from officials at Pelican Bay State Prison appear to relate to his opposition to

26  Defendants' pending summary judgment motion. His opposition was due by March 21, 2024, and

27  his instant motion was filed March 20, 2024. The Court will deny Plaintiff's request for a court

28  order and will grant Plaintiff another thirty days within which to file his opposition to

Defendants' motion for summary judgment. That extension of time should allow for the completion and filing of Plaintiff's opposition.

### III.    CONCLUSION AND ORDER

For the reasons stated above, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion or request for a court order (Doc. 88) is **DENIED**; and

2.  Plaintiff's opposition to Defendants' motion for summary judgment **SHALL** be filed **within 30 days** of the date of service of this order.

IT IS SO ORDERED.

Dated:  **March 28, 2024**              /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE